J. Irwin Shapiro, J.
This is an application for a preference under article III of the Special Buies adopted by the Appellate Division in and for the Second Judicial Department on December 27,1961, and effective on March 1,1962.
The papers in support of the application reveal that the plaintiff’s medical reports have been furnished to the defendants; that the “ defendant Curtis conducted two physical examinations of plaintiff by Dr. Bichard Grimes and Dr. Walter Salmore on May 25,1962 ” and that the reports of said physical examinations *552 made on behalf of defendant Curtis have not been furnished to the plaintiff although more than 20 days have elapsed since said examinations.
It also appears that the defendant Whitney Manor Cooperative, Inc., ‘ ‘ has failed to conduct a physical examination and has not responded to the notice for same.”
In about 40% of the cases which have been passed upon by me during this term of court (Special Term, Part VIII, Sept., 1962) defendants have failed to comply with the applicable provisions of articles II and III of said Special Rules.
A continuance of such failure to comply may well lead to dire results for defendants since by the terms of paragraph 3 of article II the court is abjured not to ‘‘ hear the testimony of any physician whose medical reports have not been served as provided by this rule.”
Since the rules were promulgated on December 27, 1961, with an effective date as to articles II, III, IV, V, VI, as of March 1, 1962, it would seem that the insurance companies, which in most cases represent the defendants in these personal injury actions, should be fully familiar with the intendment, purpose and scope of the rules. Apparently, either that is not the fact or they have no desire to co-operate in the efficient administration of justice which is the ratio decidendi for the adoption of the rules.
Some of the Justices assigned to the Special Term, Part VIII, panel of this court have taken the position that Avhen an application for an article III preference is made and it reveals noncompliance by the defendant with the provisions for the exchange of medical information that they will upon the granting of such article III preference, and in connection therewith, preclude the defendants from offering in evidence the proscribed medical proof.
Mr. Justice Brenner, of the Special Term, Part VIII, panel has written extensively on this subject (see Mack v. 842 Myrtle Ave. Realty Corp., 34 Misc 2d 177) and in Di Muro v. City of New York (N. Y. L. J., June 20, 1962, p. 16, col. 2), he said: “ Applications for preference under Article III granted and the orders therefor signed. The physical examination having been conducted and it appearing that copies of the report thereof have not been forwarded as required by Article II of the Special Rules of the Appellate Division, Second Department, the defendants are hereby precluded from offering any and all medical evidence upon the trial of these actions unless such reports be forwarded and copies thereof with proof of service upon the plaintiffs be filed within ten days of the service of the orders to be entered herein ’ ’.
*553 With the greatest of deference for the views thus expressed by their learned author, I have concluded that this court is not authorized, when passing on a motion for an article III preference, to preclude a defendant from offering proof upon the trial proper. The only application then before the court is for a preference in the trial and the court has the power to dispose of that application by either granting it or denying it, but in my opinion it has no right to reach out and grant relief not asked for; nor in my opinion should it in any event, in the absence of a direct application to preclude, act in such a manner as by its determination to tie the hands of the trial court.
Therefore, in those cases where the defendants have failed to comply with the Rules of the Appellate Division, or the procedures to implement them adopted by the Justices assigned to Special Term, Part VIII, and dated April 17, 1962, I shall not preclude them upon an article III application from offering proof upon the trial.
I am writing these remarks at this time, however, to alert the defense Bar to the dangers inherent in the continuance of the prevalent practice of disregarding the rules promulgated by the Appellate Division. Their attention is specifically called to the statement contained in the procedural provisions adopted by the Justices assigned to Special Term, Part VIII, of this court wherein it is stated:1 ‘ The attention of the Bar is respectfully called to the fact that the failure by a defendant to make a physical examination of the plaintiff after a demand, or where such examination has been held, the failure by the defendant to serve a copy of the report of the physician making such examination, may result in an order precluding such defendant from offering medical testimony at the trial. ’ ’
Where more than six months have elapsed since the promulgation of the rules, it should no longer be necessary to remind the members of the defense Bar of the necessity for compliance. In those cases where there has been default in compliance, the defendants should make immediate application to open their default so that they may not run the considerable risk of not being able to offer pertinent medical proof upon trial.
The application for an article III preference is granted.